## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**PEDRO PONCE DOMINGUEZ,**

    Plaintiff,

    v.                                                  **CASE NO. 2:01-cv-457-J-16DNF**

**PHYSICIAN LANG, SENIOR PHYSICIAN
ROBERT BRIGGS, SUPERINTENDENT
WARREN CORNELL, SECRETARY OF
D.O.C. MICHAEL W. MOORE, S.H.S.A.
MICHAEL SCHMIDT, FOOD SERVICES
DEPARTMENT, FOOD SERVICE DIRECTOR
MICHAEL HENNESSEY,**

    Defendants.

_____/

## O R D E R

Before the Court is Defendants, Robert Briggs, M.D., Warren Cornell, and Michael Moore's Motion for Summary Judgment (Dkt. 72). The *pro se* Plaintiff did not file a response to the Defendants' Motion, but instead merely filed a Motion for Appointment of Counsel (Dkt. 74) on July 8, 2005, which does not address the Defendants' Motion. Accordingly, the Court considers the Defendants' Motion for Summary Judgment to be unopposed.

**I. Background**

The Plaintiff, an inmate at Charlotte Correctional Institution in Punta Gorda, Florida, filed his Civil Rights Complaint on August 17, 2001 (Dkt. 1), and then an Amended Complaint (Dkt. 44), on April 28, 2003. In the Complaint, the *pro se* Plaintiff alleges claims under 42 U.S.C. §1983 against the Defendants for "deliberate indifference" to his serious medical needs, inadequate medical care, improper denial of surgery, and improper denial of a special diet. The Plaintiff was allegedly injured while incarcerated in 1995, and as a result of his injuries, he was in need of special medical attention and a special diet while incarcerated at the Charlotte Correctional Institution. However, he claims that

Defendant Lang, a physician at the prison's clinic, did not provide him with the proper surgery, did not properly diagnose his medical problems, and did not follow through with proper medical treatment as well as a liquid diet.[1]  His allegations against Defendant Briggs, the Medical Department's former supervisor, are similar, as he claims Briggs ignored or failed to investigate his medical needs and provide him with a proper diet, even after being informed through the proper grievance procedure.

The Plaintiff claims Defendant Cornell, the former warden of the prison, was also deliberately indifferent in ignoring his medical needs and that the warden failed to investigate the improper actions of the doctors and the food services department.  Similarly, he alleges that Defendant Moore, the former Secretary of the Florida Department of Corrections, is also responsible for the deliberate indifference to his medical needs, as Moore negligently failed to supervise his staff and failed to remedy the acts committed at the prison even after being informed through the grievance procedure.  The Plaintiff seeks "declaratory relief" in the amount of $100,000 from each Defendant, "compensatory damages" in the amount of $100,000 from each Defendant, as well as injunctive relief to obtain the proper medical care.

The three remaining Defendants seek summary judgment on a variety of grounds,  including a lack of causation of any constitutional injury by any of the Defendants, sovereign immunity under the Eleventh Amendment, qualified immunity, and failure to plead a "deliberate indifference" to medical needs that rises to the level of a constitutional violation.  The Court finds each of these ground to be well-taken, such that summary judgment is now appropriate.

**II. Standard of Review**

The Court should grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

---

[1]Defendants Lang, Schmidt, and Hennessy were previously dismissed from this action (Dkts. 58 & 67), making Defendants Briggs, Cornell and Moore the remaining three Defendants in this case.

genuine issue of material fact [such] that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987); Edwards v. Acadia Realty Trust, Inc., 141 F. Supp. 2d 1340, 1344-45 (M.D. Fla. 2001). The Court will construe the record and all inferences that can be drawn from it in the light most favorable to the nonmoving party, and the moving party bears the initial burden of establishing the absence of a genuine material fact. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Samples on Behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). Once this burden is met, however, the opposing party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 342. The Eleventh Circuit explained in Samples that the opposing party need only present evidence from which a jury might return a verdict in his favor in order to survive the moving party's motion for summary judgment. See Samples, 846 F.2d at 1330; see also Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

Notably, the Supreme Court pointed out in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), that the moving party's burden only extends to facts that might affect the outcome of the lawsuit under the governing law, as "[f]actual disputes that are irrelevant or unnecessary will not be counted." Summary judgment will only be granted if all facts and inferences point overwhelmingly in favor of the moving party, such that a responsible jury could not find in favor of the opposing party. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). If there is conflicting evidence that will permit differing reasonable inferences, the case will be submitted to the jury. See Augusta Iron & Steel, 835 F.2d at 856. Conversely, if the nonmoving party presents merely colorable evidence that is not sufficiently probative or material, the Court can grant summary judgment in favor of the moving party.

See Anderson, 477 U.S. at 249-50; Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11th Cir. 1992). In other words, summary judgment is warranted against a nonmoving party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III. Discussion**

The remaining three Defendants claim that the Plaintiff has not tied any direct conduct of the individual Defendants to any constitutional injury, nor has he shown any deliberate indifference to medical needs on the part of the Defendants. They also argue that to the extent the Plaintiff is suing them in their official capacity, they are entitled to sovereign immunity under the Eleventh Amendment, as the State of Florida is the real party in interest and Section 1983 does not permit the Plaintiff to seek a remedy against the state for alleged civil rights violations. See, e.g., Ford Motor Co. v. Dept. of Treasury of Indiana, 323 U.S. 459, 464 (1944); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989); Zatler v. Wainright, 802 F.2d 397, 400 (11th Cir. 1986) (holding that Florida has not waived its sovereign immunity in 42 U.S.C. §1983 actions). The Defendants also assert that the Plaintiff has failed to causally connect any alleged constitutional claim under Section 1983 to any act or omission of the various individual Defendants, but instead he attempts to improperly base his Section 1983 claims on a respondeat superior theory. See, e.g., LaMarca v. Turner, 995 F.2d 1526, 1538-40 (11th Cir. 1993); Ancata v. Prison Health Services, Inc., 769 F.2d 700 (11th Cir. 1985); Washington v. Dugger, 860 F.2d 1018 (11th Cir. 1988); Zatler, 802 F.2d at 401.

The Court agrees with the Defendants that, regardless of any issues of immunity, the Plaintiff has failed to state a claim for deliberate indifference, in that the alleged inadequate medical treatment does not rise to the level of a constitutional violation. As the Defendants correctly point out, the Plaintiff's medical claims only rest upon "his layman's opinion that [he] should have been referred for

surgery to be performed on his throat and jaw, and that he should be provided with a vegan-liquid diet, with a referral for a single man cell with a lower bunk." Dkt. 72, pg. 4. These claims are not only unsupported by the medical evidence submitted by the Defendants, but they do not demonstrate deliberate indifference that would result in violations of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).

The Defendants point out that the Plaintiff has received treatment for his medical needs, and the evidence demonstrates that he merely disagrees with the type of medical care provided to him. The Plaintiff has provided no rebuttal to this evidence. At most, the allegations demonstrate a mere difference of opinion or negligence, neither of which amount to deliberate indifference to the Plaintiff's serious medical needs. See id.; see also Massey v. Hutto, 545 F.2d 45 (8th Cir. 1976); Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir. 1994). Summary judgment in favor of the remaining three Defendants is therefore appropriate.

The Defendants also point out that the Plaintiff's claims against Cornell and Moore, both former prison officials, essentially rest on the conduct of officials under their supervision. As such, the allegations rest on a theory of respondeat superior, without any evidence that Cornell and Moore themselves individually caused any constitutional deprivation. The Plaintiff has presented nothing to demonstrate that Cornell and Moore either personally participated in the alleged unconstitutional conduct, or that their actions as supervisors otherwise caused the alleged constitutional deprivations. See Gonzalez v. Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003); Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003). There is nothing that shows "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation," or that the Defendants participated in or condoned unconstitutional actions. Gonzalez, 325 F.3d at 1234-35. The Court therefore agrees that the Plaintiff has not sufficiently alleged direct claims against Cornell and Moore in their individual

capacities. See also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995); Monell v. Dept. of Soc. Svcs., 436 U.S. 658, 691 (1978).

The Court further finds that even if the Plaintiff could maintain an alleged deliberate indifference claim, the Defendants are entitled to summary judgment on immunity grounds. It is settled law that Eleventh Amendment immunity bars a suit against state officials when the state is the real party in interest, and a decree against an officer of the state would really operate against the state itself. See Ford, 323 U.S. at 464; Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Moreover, 42 U.S.C. §1983 does not permit lawsuits against a state for alleged constitutional deprivations. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989); Zatler, 802 F.2d at 400. However, Section 1983 does permit lawsuits against officials for their individual conduct that causes the allegedly constitutionally infirm condition. See Bailey v. Board of County Commissioners of Alachua County, 956 F.2d 1112 (11th Cir. 1992); Zatler, 802 F.2d at 401; LaMarca, 995 F.2d at 1538.

As the Court stated in LaMarca, the Plaintiff can maintain an action under Section 1983 if he can show that the official could have personally corrected the constitutionally infirm condition and yet recklessly failed to provide the necessary cure. See LaMarca, 995 F.2d at 1540-41. In this case, that means the Plaintiff could state a constitutional deprivation under the Eighth Amendment against medical providers and supervisors who had control over the provision of his medical care and knowingly and deliberately failed to provide the necessary care for his serious medical condition. See LaMarca, 995 F.2d at 1540-41; Ancata, 769 F.2d at 700; Zatler, 802 F.3d at 401; Andre, 963 F. Supp. at 1168. However, it appears undisputed that the Plaintiff is attempting to state claims based on the alleged lack of medical treatment provided by all the Defendants in their official capacities, with no evidence that they knowingly and deliberately failed to provide care. To the extent the Plaintiff is attempting to state claims against the Defendants for their official conduct, the Court will therefore enter judgment in the Defendants' favor.

6

The Plaintiff has also failed to present any facts that would override the Defendants' qualified immunity defense for their individual conduct. See, e.g., Whitehord v. Harrelson, 758 F.2d 1416 (11th Cir. 1985). Qualified immunity insulates government officials such as the Defendants from liability when performing discretionary functions as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Hope v. Pelzer, 536 U.S. 730 (2002); Lassiter v. Alabama A&M University, 28 F.3d 1146, 1149-50 (11th Cir. 1994). This means that established pre-existing law must give government officials fair warning that their conduct violates constitutional rights. See Hope, 536 U.S. at 739-41.

The standard to determine qualified immunity is an objective one, as all government officials but the "plainly incompetent" or those who knowingly violate the law are entitled to immunity for their acts. See Malley v. Briggs, 475 U.S. 335, 341 (1986). In other words, qualified immunity is a defense used liberally by the courts, as the Eleventh Circuit has stated that "only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." Lassiter, 28 F.3d at 1148-49; see also Hope, 536 U.S. at 741-42. Factual specificity is therefore required when pleading claims under Section 1983 against individual government employees in order to overcome the qualified immunity defense. See, e.g., Andre v. Castor, 963 F. Supp. 1158, 1163-64 (M.D. Fla. 1997); Harris v. The District Board of Trustees of Polk Community College, 981 F. Supp. 1459 (M.D. Fla. 1997).

The Defendants point out that the allegations and evidence demonstrate that they were all acting within the scope of their employment with the Department of Corrections, and there is no evidence that they had any reason to know that their actions (or inactions) were violating clearly established constitutional rights. See also Zielger v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983). The Court agrees that the Plaintiff has presented no evidence to meet the stringent burden necessary to overcome the

Defendants' qualified immunity defense, but has instead only made conclusory allegations regarding constitutional violations. See Barts v. Joyner, 865 F.2d 1187, 1190 (11th Cir. 1989). The evidence instead shows that the Defendants had legitimate reasons to deny the Plaintiff's requests for surgery, a liquid diet, a single cell, and his other requests, and as such the Court cannot find that they knew their conduct constituted a deliberate indifference to the Plaintiff's serious medical needs under the Eighth Amendment. Based on this undisputed evidence, summary judgment on qualified immunity grounds is warranted.

Accordingly, upon due consideration, it is hereby **ORDERED and ADJUDGED:**

1. Defendants Robert Briggs, M.D., Warren Cornell, and Michael Moore's Motion for Summary Judgment (Dkt. 72) is **GRANTED.**

2. As the Plaintiff offers no reasonable justification for the need to appoint counsel at such a late stage of this longstanding case, his Motion to Appoint Counsel (Dkt. 74) is **DENIED.**

3. The Clerk of Court is directed to enter judgment in favor of Defendants Briggs, Cornell and Moore and against the Plaintiff, and to close this case.

**DONE AND ORDERED** in Chambers at Jacksonville, Florida this 2nd day of August, 2005.

_____
JOHN H. MOORE II
United States District Judge

**Copies to:** *Pro se* Plaintiff
          Counsel of Record
          Law Clerk