# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**PEDRO PONCE DOMIGUEZ,**

    Plaintiff,

v.                                               **CASE NO. 2:01-cv-457-J-16DNF**

**PHYSICIAN LANG, SENIOR PHYSICIAN
ROBERT BRIGGS, SUPERINTENDENT
WARREN CORNELL, SECRETARY OF
D.O.C. MICHAEL W. MOORE, S.H.S.A.
MICHAEL SCHMIDT, FOOD SERVICES
DEPARTMENT, FOOD SERVICE DIRECTOR
MICHAEL HENNESSEY,**

    Defendants**.**
_____/

## ORDER

Before the Court is *pro se* Plaintiff's Motion for Rehearing for Relief from Final Judgment Pursuant to Rule 60 Fed. R. Civ. P. (Dkt. 78). Plaintiff filed this motion in response to the Court's Order (Dkt. 76) of August 2, 2005 in which the Court granted Defendants' Motion for Summary Judgment (Dkt. 72). Because Plaintiff had only filed a Motion for Appointment of Counsel (Dkt. 74) and a document entitled a "Brief Summary of Contents Pleadings of Motion" (Dkt. 75), the Court had considered Defendants' Motion for Summary Judgment (Dkt. 72) to be unopposed.

**I.     Background**

Plaintiff alleges in his Motion for Rehearing (Dkt. 78) that he failed to receive a copy of the Summary Judgment Notice (Dkt. 73) that the Court mailed to him on July 5, 2005. Plaintiff asserts that Washington Correctional Institute ("Washington Correctional") in Chipley, Florida neglected to forward the Summary Judgment Notice (Dkt. 73) to Plaintiff as he had been transferred to the

Reception Medical Center ("RMC") in Lake Butler, Florida. Instead, Plaintiff argues Washington Correctional returned the Summary Judgment Notice (Dkt. 73) to the Court. Plaintiff also contends that while he was at RMC, the mail was either forwarded back to the Court or lost (Dkt. 78, ¶ 6). Consequently, Plaintiff provides that he is "entitled to a [r]ehearing, [the] [d]ismissal should be withdrawn and Plaintiff should be allowed a sufficient amount of time to respond to the Defendant's Motion for Summary Judgement [sic]. . . ." Id. at ¶ 7. Plaintiff does acknowledge, however, that he already filed a response to Defendants' Motion for Summary Judgment and references it as being attached as "Exhibit C" to his Motion for Rehearing (Dkt. 78).

After reviewing Plaintiff's Motion for Rehearing (Dkt. 78) and out of an abundance of caution, the Court entered an Order (Dkt. 81) on September 7, 2005 re-opening this case to the extent that Defendants were directed to inform the Court as to whether Plaintiff received notice of Defendants' Motion for Summary Judgment (Dkt. 72). Defendants subsequently filed a Response (Dkt. 86) providing that they did mail a copy of their Motion for Summary Judgment to the RMC where Plaintiff, at that time, was being housed. Defendants assert this copy was never returned to them. Defendants also note that while the RMC does not maintain a mail log for "regular mail" received by inmates, it does maintain such a log for "legal mail". Once legal mail is received, an inmate must sign for receipt of it. Defendants state that RMC's legal mail log does not indicate that Plaintiff signed for receipt of Defendants' Motion for Summary Judgment (Dkt. 72). Nevertheless, Defendants argue that in Plaintiffs' Motion for Rehearing (Dkt. 78), Plaintiff does not state that he did not timely receive Defendants' Motion for Summary Judgment (Dkt. 72). Instead, Defendants assert Plaintiff's Motion for Rehearing (Dkt. 78) indicates that he did respond to Defendants' Motion (Dkt. 72). Defendants further assert that Plaintiff's underlying argument is that he did not

timely receive the Summary Judgment Notice (Dkt. 73), not Defendants' Motion for Summary Judgment (Dkt. 72). Lastly, Defendants argue Plaintiff did receive Defendants' Motion for Summary Judgment (Dkt. 72) as he apparently reacted to it by filing a Motion for Appointment of Counsel (Dkt. 74).

**II.    Discussion**

Because it is questionable as to whether Plaintiff did receive Defendants' Motion for Summary Judgment (Dkt. 72) and finding it preferable to approach this issue with an abundance of caution, the Court is going to re-open the case and review Plaintiff's Response (Dkt. 78, exhibits 3-6) to Defendants' Motion for Summary Judgment (Dkt. 72).

Plaintiff's Response, entitled "Pretrial Narrative Statement," provides approximately sixty-four pages of argument (Dkt. 78, exhibits 3-4) as well as approximately sixty-three pages of attached exhibits. Id. at exhibits 5-6. In reviewing Plaintiff's Response, the Court notes that Plaintiff does reference Defendants' Motion for Summary Judgment. Specifically, in alleging that Defendants have been lying to the Court, Plaintiff states "please see in the Motion for Summary Judgement [sic] that was filed in the U.S. District Courthouse [in the] Middle District on 6/30/2005 at 2:26 PM." (Dkt. 78, Exhibit 3 at 18). Plaintiff also refers to "the Memorandum of Law of the Defendants Motion [for] Summary Judgment" and notes that "Plaintiff is going to show. . .that what Defendants said in this Motion for Summary of Judgment are lies." Id. at 18-19. Moreover, in Plaintiff's Motion for Rehearing (Dkt. 78), Plaintiff does assert that he "did properly respond to [D]efendants' Motion for Summary Judgment."

After considering Plaintiff's Response (Dkt. 78, Exhibits 3-6) and based on the foregoing, the Court finds Summary Judgment was properly entered in favor of Defendants. Accordingly, it

is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Rehearing (Dkt. 78) is **GRANTED** to the extent that the Court considered Plaintiff's Response (Dkt. 78, Exhibit 3-6) to Defendants' Motion for Summary Judgment (Dkt. 72). In all other respects, Plaintiff's Motion for Rehearing (Dkt. 78) is **DENIED**.

2. The Final Judgment (Dkt. 77) entered on August 3, 2005 is **AFFIRMED**. The Clerk is directed to close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this __6__ day of October 2005.

Copies to:

Counsel of Record
*Pro se* Plaintiff

_____
JOHN H. MOORE II
United States District Judge